IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| MANUEL TORRES<br>　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 2:19-cv-60<br>JURY TRIAL DEMANDED |
| LOWE'S HOME CENTERS, LLC<br>　*Defendant*. | §<br>§ | |

## DEFENDANT LOWE'S HOME CENTERS, LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant LOWE'S HOME CENTERS, LLC, hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

### A.　THE REMOVED CASE

1.　The removed case is a civil action filed with the 365th Judicial District Court of Maverick County, Texas, on August 16, 2019, styled *Manuel Torres v. Lowe's Home Centers, LLC*; Cause No. 19-08-37755-MCVAJA; in the 365th Judicial District Court of Maverick County, Texas (the "State Court Action"). The case arises from an alleged injury sustained by Plaintiff that occurred on November 6, 2018 while shopping at Defendant's store located at 500 Block of Bibb Street, Eagle Pass, Texas.

## B.  DOCUMENTS FROM REMOVED ACTION

2. Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. 1446(a), Defendant attaches the following documents to this Notice of Removal as *Exhibit "A"*:

(i) A list of all parties in the case, their party type and current status;

(ii) a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(iii) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(iv) A record of which parties have requested a trial by jury; and

(v) The name and address of the court from which the case is being removed.

## C.  REMOVAL PROCEDURE

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441.  The Del Rio Division of the Western District Court of Texas is the United States district and division embracing Maverick County, Texas, the county in which the State Court Action is pending.

4. Defendant Lowe's Home Centers, LLC was served with process on August 22, 2019. Therefore, this Notice of Removal is filed within the time limits specified in 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as *Exhibit "A"* and incorporated herein for all purposes.

6. Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 365th Judicial District Court of Maverick County, Texas, where the action is currently pending.

### D. VENUE IS PROPER

7. The United States District Court for the Western District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 365th Judicial District Court of Maverick County, Texas, is located within the jurisdiction of the United States District Court for the Western District of Texas, Del Rio Division.

### E. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446. Removal is proper because there is complete diversity between all of the parties.

TORRES/DEFENDANT LOWE'S HOME CENTERS, LLC
NOTICE OF REMOVAL
(10091.00070)

3 | P A G E

9. As admitted in his Petition, Plaintiff is a Texas citizen.[1]

10. Defendant is a foreign Limited Liability Company organized and existing under the laws of the State of North Carolina. The Limited Liability Company is comprised of six managing members, Akinjide Falaki who is domiciled in and a resident of the State of North Carolina; David R. Green, who is domiciled in and a resident of the State of North Carolina; Beth R. MacDonald who is domiciled in and a resident of the State of North Carolina, Tiffany L. Mason, who is domiciled in and is a resident of the State of North Carolina; Brandon J. Sink, who is domiciled in and a resident of the State of North Carolina, and Gary White, who is domiciled in and a resident of the State of North Carolina.  Additionally, Defendant's principal office is located at 1605 Curtis Bridge Road in Wilkesboro, North Carolina 28687. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is not a citizen of the State of Texas.

11. Because the Plaintiff is a resident of the State of Texas and Defendant and all of its members are residents of the State of North Carolina, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

### F. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

12. Plaintiff alleges in his Original Petition that he seeks damages in monetary relief over $200,000 but not more than $1,000,000.[2] Plaintiff also seeks to recover damages against Defendant for: (a) physical impairment; (b) physical pain and mental anguish in

---

[1] *See* Pl. Original Petition at ¶ 2.1.
[2] Pl. Original Petition at ¶ 1.1.

the past and into the future; and (c) reasonable and necessary medical expenses in the past and into the future, and (d) loss of earning cacpcitry in the future.[3]

13. Therefore, based on all of the aforementioned facts, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### G. FILING OF REMOVAL PAPERS

14. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 365th Judicial District Court of Maverick County, Texas, in which this action was originally commenced.

### H. CONCLUSION

15. Defendant LOWE'S HOME CENTERS, LLC, hereby removes the above-captioned action from the 365th Judicial District of Maverick County Texas, and requests that further proceedings be conducted in the United States District Court for the Western District of Texas, Del Rio Division, as provided by law.

---

[3] Pl. Original Petition at ¶ 6.1.

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By:  *Kevin P. Riley*
      Kevin P. Riley
      *Attorney-in-Charge*
      State Bar No. 16929100
      E-Mail: kriley@mayerllp.com
      Raul I. Saenz
      State Bar No. 24093092
      E-Mail: rsaenz@mayerllp.com

**ATTORNEYS FOR DEFENDANT
LOWE'S HOME CENTERS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of September 2019, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| Marco A. Salinas<br>**KNICKERBOCKER, HEREDIA, JASSO & SALINAS, PC**<br>468 Main Street.<br>Eagle Pass, Texas 78852<br>Fax: 830.773.2582<br>borderlawyer@khjslaw.com<br><br>*ATTORNEY FOR PLAINTIFF* | ☒ E-SERVICE/E-MAIL<br>☐ HAND DELIVERY<br>☐ FACSIMILE<br>☐ OVERNIGHT MAIL<br>☐ REGULAR, FIRST CLASS MAIL<br>☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

      *Raul I. Saenz*
      Raul I. Saenz